**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2009

No. 09-10261
Summary Calendar

Charles R. Fulbruge III
Clerk

ALLEN DEWAYNE BATES,

Plaintiff-Appellant

v.

SERGEANT JEFF DAVIS, Lubbock Police Department; OFFICER KODY NESBITT, Lubbock Police Department; OFFICER DIANE DANIEL, Lubbock Police Department,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:08-CV-93

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Allen Dewayne Bates appeals the district court's dismissal of his 42 U.S.C. § 1983 suit, wherein he claimed that the defendants arrested him in violation of the Fourth Amendment. Police arrested Bates, along with Julie McCutcheon, upon responding to a call about a forgery at a Radio Shack in Lubbock. Bates argues that the officers lacked probable cause for the arrest; that the officers

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

were not properly trained in the area of forgery; that he did not give McCutcheon permission to drive his car to the Radio Shack, as he was asleep in the vehicle; that McCutcheon gave police a false address; and that police arrested him for forgery before they knew about an outstanding arrest warrant from Hale County. Bates's claims are unavailing. The police report and arrest video show that when police arrived on the scene McCutcheon implicated Bates in the forgery scheme. In separate questioning, Bates and McCutcheon provided officers with the same address. During the course of the detention, police also discovered that Bates had an outstanding arrest warrant for burglary of a vehicle. Bates's arrest was supported by both probable cause to believe Bates was involved in the forgery offense and by the separately valid arrest warrant. *See Glenn v. City of Tyler*, 242 F.3d 307, 313 (5th Cir. 2001) ("The Fourth Amendment requires that an arrest be supported by a properly issued arrest warrant or probable cause."). The district court properly dismissed the complaint. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).

AFFIRMED.